**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-3681
_____

SHARON MARIE SMITH,
                                    Appellant

v.

COMMISSIONER SOCIAL SECURITY
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(No. 1-17-cv-01822)
District Judge: Honorable John E Jones III
_____

Submitted under Third Circuit L.A.R. 34.1(a) on June 29, 2020

Before: KRAUSE, PHIPPS, and GREENBERG, *Circuit Judges*

(Opinion filed: July 10, 2020)
_____

OPINION[*]
_____

KRAUSE, *Circuit Judge*.

Sharon Marie Smith challenges the denial of her application for Social Security

disability benefits. Although Smith makes several challenges to the ALJ's decision, they

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does
not constitute binding precedent.

all distill to a single point: That decision was not supported by substantial evidence. *See Biestek v. Berryhill*, 139 S. Ct. 1148, 1152 (2019). We disagree and will affirm.

Smith primarily argues that the ALJ erred in discounting Dr Rizvi's 2014 Residual Functioning Capacity (RFC) assessment. We disagree. True, Dr. Rizvi found in 2014 that Smith could sit, stand, and walk for a combined total of four hours and forty-five minutes per day, while the ALJ determined in 2016 that Smith could perform these activities for six hours per day. But between Dr. Rizvi's assessment and the ALJ's determination, Smith had received chiropractic treatment that resulted in consistent and significant improvement to her condition. Smith's treatment records explain the ALJ's deviation from Dr. Rizvi's assessment and constitute substantial evidence supporting her RFC determination.[1]

Smith next argues that the ALJ improperly minimized her wrist, hand, and finger conditions. But Dr. Rizvi's own assessment fully supports the ALJ's determination that these conditions were non-severe, and the ALJ limited Smith's lifting and handling activities in the RFC determination.

Finally, Smith argues that the ALJ improperly discredited some of Smith's testimony. We cannot discern which specific portions of Smith's testimony she believes the ALJ failed to address; Smith seems to simply disagree with the conclusions that the ALJ drew from the facts elicited in her testimony. To the extent Smith contends that the

---

[1] Smith's reliance on *Morales v. Apfel*, 225 F.3d 310, 320 (3d Cir. 2000), is misplaced: The ALJ did not discount the 2014 RFCs based on conflicting reports by non-treating physicians but based on Smith's improvement with treatment post-2014.

ALJ simply should have adopted her characterization of her symptoms as severe under *Mason v. Shalala*, 994 F.2d 1058, 1067-68 (3d Cir. 1999), we conclude that the treatment records supported the ALJ's decision to discount that characterization.

We are sympathetic to Smith's chronic pain and various ailments and express no opinion on whether we would have reached the same conclusion as the ALJ if our review were *de novo*. In this posture, however, our review is limited to assessing whether the ALJ's decision was supported by substantial evidence, and for the reasons we have explained, it was. We therefore will affirm.